## CROUCH *vs.* FOWLE.

In a conveyance in fee simple, a covenant of warranty may be implied in the word 'give'; and in a lease the term 'demise' may import a covenant of good right and title to make the lease, and for quiet enjoyment.

But general implied covenants are qualified and restrained by express covenants of a more limited character.

Implied covenants relating to title may be restrained by express covenants relating to possession.

Where a lessor, by virtue of a conventional resolution of the Episcopal churches in the state, empowering him so to do, demised a certain tract of land, with a covenant that he and his successors in office should and would permit the lessee, his heirs and assigns, quietly and peaceably to possess and enjoy the premises during the term—*held*, that this express covenant was restrictive, and that no covenant of a right to demise or for quiet enjoyment, could be implied.

COVENANT. The declaration alleged that the defendant, on the 23d of September, 1826, by his deed of lease, duly executed by the defendant of the one part, and the plaintiff of the other part, for the consideration therein mentioned, did demise, lease and to farm let to the plaintiff, his heirs and assigns, a certain tract of land, lying in Haverhill, &c. —to have and hold for the term of nine hundred and ninety-nine years from the date ; and that the defendant covenanted therein that he had good right and lawful authority to demise, grant, and lease the same, for the term aforesaid, and that he, and his heirs and assigns, should permit, warrant and defend the enjoyment and possession of the same pre-

mises, quietly, peaceably and uninterruptedly, to the plaintiff, his heirs and assigns, during the term aforesaid. The declaration then averred that the plaintiff entered—that the defendant had not permitted, warranted, and defended the possession and enjoyment of said premises, and had not, at the time of the execution, any right or title in said premises, or any power or right to lease or convey the same ; but that the town of Haverhill, being the rightful owner of said premises, had, since the date of said lease, claimed the same, and taken possession thereof, against the plaintiff, as the town had lawful right to do, and legally holds the same in fee, &c.

Upon the trial the plaintiff produced a lease, executed by virtue of a power of attorney from the defendant, whereby the defendant, by virtue of a conventional resolution of the Episcopal churches in the state, empowering him so to do, did " demise, lease, and to farm let to the plaintiff, his heirs and assigns", the land described in the declaration, for the term therein mentioned, with a covenant that the defendant, and his successors in office, should and would permit the plaintiff, his heirs and assigns, quietly, and peaceably, and uninterruptedly, to possess and enjoy the premises, during the term, &c.

The defendant objected that the lease contained no covenant that he had authority to lease the land.

The jury having returned a verdict for the plaintiff, the defendant moved for a new trial.

*Quincy*, for the defendant. The first part of the covenant declared on is not contained in the lease.

There is no such express covenant; and if the doctrine of implied covenants is not already exploded, it is time it was.

If, in a lease for years, the words demise, lease, &c., import a covenant, it is only a covenant for quiet enjoyment. However that may be, express covenants will control and limit implied covenants, and that is the case here. *Co. Litt.*

384, *note* 132 ; 4 *Coke* 80, *Noke's case* ; 4 *Taunt.* 329, *Merrill & a.* vs. *Frame* ; 7 *Johns.* 258, *Kent* vs. *Welch* ; 11 *Johns.* 122, *Vanderkarr* vs. *Vanderkarr* ; 7 *Petersdorff* 140, *and cases cited* ; 7 *Mass.* 68, *Gates* vs. *Caldwell & a.* ; 8 *Mass.* 201, *Sumner* vs. *Williams & a.* ; 8 *Cowen* 40, *Grannis* vs. *Clark.*

The express covenant amounts to no more than that the plaintiff shall not be disturbed by the defendant, or any one claiming under him—that the defendant will permit him to hold.

A covenant for quiet enjoyment extends only to the possession. 3 *Johns.* 470 ; 5 *Johns.* 120 ; 8 *Johns.* 153 ; 13 *Johns.* 236.

*Bell,* and *Rogers,* for the plaintiff. The covenant alleged is, that the defendant had good right and lawful authority to make the lease. The language of the lease is, that he does demise, lease, &c. The object of covenants is twofold—one in relation to the right to grant ; the other respects the possession. 2 *Selw. N. P.* 400 ; *Cro. Jac.* 73, *Style* vs. *Hearing* ; *Yelverton* 139, *Pincombe* vs. *Rudge* ; *ditto* 175, *Johnson* vs. *Proctor.*

It is true, implied covenants may be restrained. 4 *Coke* 80, *Noke's case.* But, when they are so, it must be by a covenant of the same class.

Here the implied covenant is, that he has power to make the lease. The express covenant is that the lessee may enjoy the possession. A party may be willing to guarantee the possession, although he has no title.

The case in Coke was, that the lessor covenanted that the lessee might enjoy, without any eviction by the lessor, or any claiming under him. *See, also, Carth.* 97, *Coleman* vs. *Sherwin* ; 1 *Salk.* 137, *S. C.*

PARKER, C. J. The lease in this case contains no covenant, in terms, that the defendant had good right and title

to lease the premises; and the first question which arises is, whether, from the language contained in the lease, such a covenant is to be implied.

It seems to have been long settled, that in conveyances in fee simple, containing the words give, grant, &c., a covenant of warranty is implied in the word 'give.' *Perkins, sec.* 124; *Co. Litt.* 384, *a, note* 332; 4 *Coke* 80, *Noke's case; Shep. Touch.* 184; 2 *Caines* 188, *Frost* vs. *Raymond;* and that in a lease, the term 'demise' imports a covenant on the part of the lessor of good right and title to make the lease, and for quiet enjoyment. 4 *Co.* 80; *Hobart* 12, *a, Holden* vs. *Taylor, and note;* 1 *Saund.* 332, *n,* 2; *Cro. Jac.* 73, *Style* vs. *Hearing; Com. Dig., Covenant, A,* 4; 4 *Taunt.* 329, *Merrill* vs. *Frame;* 6 *Bing.* 656, *Adams* vs. *Gibney;* 8 *Cowen* 36, *Grannis* vs. *Clark.*

These authorities seem to stand uncontradicted, and no ground suggests itself to us upon which we can overrule them.

It may be that instances exist, in which grants and leases are made where the party is not in fact aware that such covenants were ever supposed to be attached to these terms, and in which he may thus be held to have undertaken beyond the scope of what he actually intended; but if this is so, it will be from his folly, or misfortune, in undertaking to give or demise beyond his title, without restricting his liability by the other language of the deed.

In general, this rule can impose no hardship, because it is also well settled that these general, implied covenants are qualified and restrained by any express covenants of a more limited character.

Such covenants are inconsistent with the idea of a general, absolute covenant, extending beyond them, and importing more than they express—and are, therefore, very properly held to modify and restrain any implication from the general terms of the grant. Upon this the authorities seem to be uniform, both in relation to deeds and leases. 4 *Coke* 80;

*Cro. Eliz.* 674; *Co. Litt.* 384, *a, note* 332; *Hobart* 12, *note;* 2 *Bos. & Pul.* 13, 26, *Browning* vs. *Wright;* 4 *Taunt.* 329; 7 *Johns.* 258, *Kent* vs. *Welch;* 11 *Johns.* 122, *Vanderkarr* vs. *Vanderkarr;* 8 *Cowen* 40; 7 *Mass.* 68, *Gates* vs. *Caldwell;* 8 *Mass.* 201, *Sumner* vs. *Williams.*

And general express covenants have been held to be restrained by other express covenants.   1 *Brod. & Bing.* 319, *Nind* vs. *Marshall;* 11 *East* 633, *Howell* vs. *Richards;* 15 *East* 530, *Barton* vs. *Fitzgerald;* 13 *Bos. & Pul.* 13; 8 *Mass.* 202.   The parties having entered into express agreements, it cannot be supposed that they intended, by any general language of the deed, any thing inconsistent with those express covenants, or which might otherwise have implied an undertaking of a more enlarged character.

The principle of these authorities has not been controverted in the argument; but a distinction has been attempted to be made between different classes of covenants, so that express covenants relating to possession may not be held to restrain implied covenants relating to title.

This distinction, however, seems not to be sustained by authority, and is inconsistent with the principle upon which the decisions have been based.

Express covenants relating to possession may furnish quite as strong reasons against implying a covenant of title from the general language of the deed, as express covenants relating to the title itself.

There could be no reason for a covenant that the party would not himself, nor should any person claiming under him, interrupt the possession of the lessee, if he had in a prior part of the deed covenanted that he had good title to make the lease, and that the lessee might quietly enjoy it against all persons—and the case in Coke shows that a covenant of this character has been held to be restrictive.

The next question is, whether there is any express covenant in this lease, which restrains and qualifies the covenant

of title which would otherwise be implied from the demise itself.

And here it is not denied, that the covenant that Fowle, and his successor in office, shall and will permit the lessee, and his heirs and assigns, quietly to enjoy the premises during the term, would be wholly unnecessary, if he had before covenanted that he had good title to make the lease—and that it is a covenant imposing a less obligation upon the lessor. It is of the same character, although somewhat more restricted in its operation, as that in the case in Coke. It must, therefore, be held to express the contract which these parties actually entered into, and to restrain any covenant which might otherwise be implied from the term 'demise', in the lease.

*Judgment for the defendant.*

