## DAVIS *v.* CILLEY.

Where arbitrators, intending to decide according to law, by mistake assumed that to be law which was not, and in consequence allowed a greater sum than they otherwise would have done, upon a bill in equity the mistake will be corrected.

Where the amount of such error is clearly shown by the proof, and the court can see distinctly that it could not have otherwise affected the justice of the case, the error will be corrected by deducting the amount of it, when in favor of the prevailing party, from the sum awarded him, without setting aside the award, although the error does not appear upon its face.

THIS bill in equity was heard upon the bill, answer and proofs, and the pleadings and facts sufficiently appear in the opinion of the court.

*Fowler & Chandler*, for the plaintiffs.

*Minot & Mugridge*, for the defendants.

BELLOWS, J. The bill is brought to set aside an award, upon the ground that the arbitrators, intending to decide according to law, mistook it, and allowed the defendant large sums which were not due him; and also upon the ground of fraud, partiality and corruption in the arbitrators, or one of them. Among other things the bill alleges that the sum of $2,246.08 was so allowed for an amount paid to Cross & Topliff upon a $2,000 note, made by the plaintiff and defendant as partners; when in fact the defendant paid only $1,000, which was received in full payment and discharge of the note; and that this was shown to the arbitrators; the bill alleging that the arbitrators decided, that, as matter of law, the

defendant had the same right to buy the note that any third person would have, and might recover one half of the original amount of the plaintiff.

The answer admits that the note was given by them as partners, and does not deny that the defendant paid only $1,000 for it; but does deny that in allowing the amount the arbitrators intended to decide according to law. On the contrary, the answer alleges that in respect to this, as well as all other items, the arbitrators decided according to what they considered right and just.

It not being denied, then, that only $1,000 was paid — this fact being distinctly alleged in the bill — must, by the rule, be taken to be admitted; and this accords also with the proofs.

We are also of opinion that the weight of evidence is in favor of the allegations in the bill, and establishes the fact that in respect to the item in question the arbitrators intended to decide according to law, but that, by mistake, they assumed, without discussion or investigation, that the defendant, like any third person, might buy up such partnership debt at a discount, and charge the firm with the whole amount of it, and that the whole amount was thus allowed, when, without such mistake, there would have been allowed the $1,000 only. There is, to be sure, some conflict in the evidence, but taking into consideration the utter want of any just or equitable foundation for such a claim, we can not but regard the proofs as preponderating very decidedly in favor of the position that the allowance of the whole amount was occasioned purely by a mistake of the law. We think, therefore, that there was an error in the allowance of this item, and that it ought to be corrected; and the same views apply also to the claim for the payment of the bill of Dr. Hawkes, for which $10 should have been allowed instead of $19.67.

Upon this state of facts it is well settled that a party is entitled to relief. *Greenough* v. *Rolfe*, 4 N. H. 358; *Bean* v. *Wendell*, 20 N. H. 219; *Severance* v. *Hilton*, 32 N. H. 292; *Pierce* v. *Hobbs*, 33 N. H. 31; *White Mountains R. R.* v. *Beane*, 39 N. H. 108; *Prescott* v. *Fellows*, 41 N. H. 9; 2 Story Eq., secs. 1455, 1456, and cases cited; *Young* v. *Nutter*, 9 Ves. 304, and notes; *Kent* v. *Elstob*, 3 East 10; *Chase* v. *Wetmore*, 13 East 357; *Richardson* v. *Noon*, 3 B. & Ald. 237; 1 Atk. 63; 3 Atk. 494; *Carpenter* v. *Green*, 2 Vern. 705; *Herrick* v. *Blair*, 1 Johns. Ch. 101; *Underhill* v. *Van Cortlandt*, 2 Johns. Ch. 363, 364.

It is also alleged in the bill that there was an error of more than $100 against the plaintiff, in computing the amount paid by the defendant to the Union and State Capital banks, and the amount of the error appears to be $112.44, which the answer admits should be corrected.

It is further contended by the plaintiff that the award should be set aside, for fraud and partiality in one of the arbitrators; and also because the arbitrators refused to adjourn on the plaintiff's application, to give him an opportunity to procure important testimony; and also because testimony was taken in his absence, and also because the defendant falsely and knowingly testified before the arbitrators to material facts.

Upon a careful examination of the proof we think that although the evidence shows some irregularities that ought not to have been permitted; and that might even excite some suspicion, and also may tend to show some mistake in the defendant's testimony, yet it is not sufficient to establish either of these grounds of relief.

It remains then to consider whether the errors which are found to exist can be corrected without setting aside the entire award. The bill charges that the arbitrators allowed Cilley $2,246.08 on account of the Cross & Topliff claim, when in fact Cilley paid for it only $1,000; and that this was known to the arbitrators, but that the whole amount was so allowed because the arbitrators held, as matter of law, that Cilley was entitled to it.

The answer does not deny that the whole sum was allowed, but impliedly admits it. It says, however, that it was not allowed as matter of law, but upon views of equity and justice. The proof also shows that the whole sum was allowed; and we think it was passed upon and decided as a separate and independent item; and there is no evidence tending to show that its allowance affected any other item. But it appears that an account was stated by the arbitrators, each item separately adjudicated and entered, and the balance struck and awarded in a gross sum to Cilley.

The amount of the error, then, is quite well established by the bill, answer and the proofs, although not apparent upon the face of the award. Nor is there any reason to suppose that the allowance of this item was so connected with the rest as to affect the justice of the case. In fact it appears clearly that it could not, because the amount was settled by itself, and the costs of the reference appear to have been equally divided. The question, then, is, whether in equity an award can be adjudged bad in part and good for the residue, where a gross sum is allowed, and nothing appears on the face of the award to distinguish between them. In this case it will be observed that the same evidence which shows the mistakes, shows also the amount of them, and what the award would have been had the mistakes not been committed. So the correction of these mistakes has the effect only to reduce the amount awarded the defendant, and with that he is satisfied. And this brings the case within the principle of *Richardson* v. *Huggins*, 23 N. H. 113, 124, where the means of distinguishing the bad part from the good part did not appear upon the face of the award, and yet the court, by *Bell*, J., say: "We have no doubt that where it appears, by the same evidence which proves the allowance of a demand, not submitted, that the same demand has been paid or released, or in any way discharged, the award should not be set aside for that cause, in case the allowance of such claim has merely the effect to increase the amount of the award against the party objecting, and the other party is satisfied. In such case the award should be held valid and effectual for the residue, just as a judgment exceeding the amount of the *ad damnum* of the writ will not be set aside for that cause, in case the excess is remitted."

With these views we are entirely satisfied, and they are decisive of this case. It is true, it has been laid down in general terms that

if an entire sum be awarded for considerations expressed in the award, some of which are and others are not within the submission, the award is void for the whole; because it is impossible to distinguish how much was intended for the considerations within the submission; Kyd on Awards, 170; and this general doctrine was applied in this State to cases where the matters included in the awards, but not in the submissions, were promissory notes, the dates and sums payable in which were shown. *Thrasher* v. *Haynes,* 2 N. H. 429; *Adams* v. *Adams,* 8 N. H. 92. But in neither of these cases was the amount actually allowed by the arbitrators shown, although the amount of the notes and interest might have been ascertained by computation; nor was it in either case distinctly held that where the proof of the error was by extrinsic evidence, the amount of that error might not be shown by the same evidence, and the award stand good for the residue. It will be perceived, also, that *Thrasher* v. *Haynes* was debt upon an arbitration bond; and in *Adams* v. *Adams* the question arose upon a report of referees in a suit then pending; and the court say that they can not alter or amend the report, but that judgment must be founded upon what appears on its face.

The case before us is a bill in equity, and in many respects our jurisdiction in the case of awards is broader than at law; 2 Story Eq., sec. 1452, and cases; and where an error or mistake in an award is shown only by extrinsic evidence, and at the same time the precise extent of that error is made clearly to appear, and also that it could not have affected the justice and equity of the case, we should hesitate to hold the entire award to be void.

It has indeed been open to serious doubt whether extrinsic evidence was admissible at all to show a mistake; but it being now settled here that it may be, we see no objection to admitting evidence of the extent and character of that mistake, and then correcting the award accordingly, where it is clear that the matters are so distinct and independent that no injustice will be done. In equity there can be no distinction between the case of an error appearing on the face of the award, and that shown by extrinsic evidence, provided it is clearly made out. In both cases justice requires that the error should be corrected, and nothing more. The case before us furnishes a good illustration of these views. In the bill it is alleged that in computing the amount paid the Union and State Capital banks, a mistake was made of more than one hundred dollars; and this is admitted by the answer, and the amount of the error fixed, and with this the plaintiff is satisfied; and yet it would be palpably unjust to set aside the whole award because the mistake does not appear on its face. The reason of the doctrine laid down in Kyd on Awards, before cited, is that it would be impossible to distinguish how much was intended for the considerations not within the submission, and generally it might be so; but where the proof enables a court of equity clearly to make such distinction, and to see that no injustice can be done by correcting the award, it would seem that it ought to be done. And we think that the general current of the authorities is in this direction.

Caldwell on Arb. 275–6 ; *Pope* v. *Brett*, 2 Saund. 293, a and b ; *Caudler* v. *Fuller*, Willes 64, and cases ; *Simon* v. *Gavel*, 1 Salk. 74 ; *Addison* v. *Gray*, 2 Wilson 293 ; *Martin* v. *Williams*, 13 Johns. 264 ; *Gordon* v. *Tucker*, 6 Greenl. 254. It is true that it is not expressly stated that the extent of the error may be shown by extrinsic evidence, but it is laid down that if the void part is disconnected and distinct from the other, and could not have affected the decision in other respects, it may be rejected, and the other permitted to stand, and the distinction stated in respect to the mode of proof is not recognized. It is urged in this case that the testimony of the arbitrators is not admissible to impeach the award, but this position is not sustained by the authorities. 1 Greenl. Ev., sec. 249, and note ; 2 Greenl. Ev., sec. 78, and notes ; *Johnson* v. *Drew*, 4 C. & P. 327.

Upon these views our conclusion is that the award be corrected, by deducting from the amount awarded the said Cilley the sum of six hundred and eighty-four dollars and nine cents, being the amount allowed by mistake, on account of the demands of Cross & Topliff, Dr. Hawkes, and the Union and State Capital banks, as before stated ; and thus reducing the award to eighty-two dollars and ninety-two cents, and that the said Cilley be perpetually enjoined and restrained from demanding or collecting anything more of the award than the said $82.92.

*Decree for the plaintiff.*