Merrimack,
No. 4287.

FRANKLIN NEEDLE COMPANY

*v.*

AMERICAN FEDERATION OF HOSIERY WORKERS A. F. L.

LOCAL No. 173-A *& a.*

Argued March 4, 1954.

Decided May 27, 1954.

*Nighswander, Lord & Bownes* (*Mr. Nighswander* orally), for the plaintiff.

*Sulloway, Jones, Hollis & Godfrey* and *Joseph S. Ransmeier* (*Mr. Ransmeier* orally), for the defendants.

LAMPRON, J. Plaintiff contends that the award of the board should have been set aside because the arbitrators exceeded the scope of their authority and fell into a plain mistake.

It maintains that the arbitrators exceeded their authority because (1) they "not only filled in the contract on points that they felt it was silent or deficient on, but went outside the scope of the contract to make their decision"; (2) they based their decision on what they considered to be the generally accepted practice in industry; (3) they considered the terms of the whole contract instead of limiting themselves to article XI thereof.

Arbitration is the submission of matters in controversy to the decision of disinterested persons selected by the parties as a substitute for the remedy by judicial proceedings. *Industrial Electric Co.* v. *Meyers* (Ohio App.), 85 N. E. (2d) 415. The jurisdiction of the arbitrators over the parties and the subject matter depends entirely upon the voluntary agreement of the parties. *Truesdale* v. *Straw,* 58 N. H. 207, 216; *Baldwin* v. *Moses,* 319 Mass. 401. Since their whole authority springs from the acts of the parties in making the submission their award must necessarily conform to it. *Johnson* v. *Noble,* 13 N. H. 286, 289; *Truesdale* v. *Straw, supra; Chase Brass & Copper Co.* v. *Chase Brass & Copper*

*Wkrs. Union,* 139 Conn. 591; *Simons* v. *Publishing Ass'n of New York City,* 94 N. Y. S. (2d) 362, 368. It is therefore essential to determine whether the parties made a general unrestricted submission of the controversy existing between them or whether it was limited and restricted.

It is well settled that a submission to arbitration is a contract subject to the laws governing contracts in general and that the interpretation and construction of a written submission is a question of law for the court. *Burleigh* v. *Ford,* 59 N. H. 536, 539; *Lehigh Coal & Navigation Co.* v. *Central R. of New Jersey,* 33 F. Supp. 362, 367; *Simons* v. *Publishing Ass'n of New York City, supra,* 369.

Article XII under the provisions of which the submission was made is general in its terms: "Upon written notice by either party to the other, the matter shall be submitted to an Arbitrator . . . The parties hereby agree to accept the award of such Arbitrator to be final and conclusively binding upon both parties to this Agreement." The written notice given thereunder by the defendant was of the same nature. "The Union claims the improper withholding of vacation pay from employees duly eligible under the terms of the contract, and requests a correction of this condition." Neither contains a limiting provision that the award shall be made in accordance with legal principles (*Sanborn* v. *Murphy,* 50 N. H. 65, 67) or upon just and legal grounds (*Prescott* v. *Fellows,* 41 N. H. 9, 10) or that the parties will accept the award as final and binding provided it is not contrary to law (*Chase Brass & Copper Co.* v. *Chase Brass & Copper Wkrs. Union, supra*) or that the arbitrators cannot alter, amend or modify the contract in their award. *Westinghouse Air Brake Co. Appeal,* 166 Pa. Super. 91.

We are of the opinion that the writings under and by virtue of which the submission was made clearly constituted a general unrestricted submission of the matter in dispute and that parol evidence tending to enlarge or vary its nature was inadmissible. *Furber* v. *Chamberlain,* 29 N. H. 405, 418; *Burleigh* v. *Ford, supra.* The action of the Trial Court striking out the testimony of Arthur H. Nighswander, Esq. was proper.

"Under a general submission . . . both the law and fact are submitted to the judgment of the arbitrators . . . for their consideration and decision. And it is very well settled, that in such cases arbitrators are not restricted by the submission to decide according to strict principles of law, but their decision will be in

conformity with the submission, although it be made in disregard of the law and contrary thereto . . . but may decide upon principles of equity and good conscience . . . . " *Johnson* v. *Noble*, 13 N. H. 286, 290, 291; *White Mountains Railroad* v. *Beane*, 39 N. H. 107, 108; *Sanborn* v. *Murphy, supra; Chase Brass & Copper Co.* v. *Chase Brass & Copper Wkrs. Union, supra; Active Fabrics Corp.* v. *Rosedale Fabrics Inc.*, 86 N. Y. S. 153; *McKay* v. *Coca-Cola Bottling Co.*, 110 Cal. App. (2d) 672, 677.

It is admitted by the plaintiff that defendant took the position before the board that "there was nothing in the contract that covered this case but that many of the people had worked for the Company a long time and morally were entitled to vacation pay." Equitable grounds for decision were therefore discussed before the board (*Cushman* v. *Wooster*, 45 N. H. 410) and it was proper for the arbitrators to base their decision on simple justice even if it meant going outside the scope of the bargaining contract, considering the generally accepted practice in industry and the whole agreement between the parties. *Piersons* v. *Hobbes*, 33 N. H. 27, 31; *Prescott* v. *Fellows*, 41 N. H. 9; *Sanborn* v. *Murphy, supra.* See *Brampton Woolen Co.* v. *Union*, 95 N. H. 255, 257.

The Court therefore properly denied plaintiff's requests Nos. 1, 3, 6, 7, 8, raising the issues heretofore considered.

We turn now to plaintiff's contention that the award should be set aside because the arbitrators made an obvious mistake. The board in its decision stated the following as one of the several reasons given for its decision: "Because the current payroll period extended to the start of the next work-week (in this situation it therefore extended into June)." Plaintiff contends that the arbitrators fell into plain mistake in regard to the work-week. Its offer to prove that the board never had any information as to the payroll period and if it were important the period actually ended on May 31 was excluded by the Trial Court.

The contract does not state the method by which a person is removed from the payroll. The decision of the board indicates that they did not consider that the notice sent on May 28 to all employees, some of whom had not worked for some time, removed the employees from the payroll in such a manner as to prevent the current payroll period from extending to the start of the next work-week which was in June. This being a general submission the award will not be disturbed for mistake except where the arbitrators "have manifestly fallen into such an error with

regard to facts or law in the case before them as must have prevented the full and fair exercise of their judgment upon the subject submitted to them." *Sanborn* v. *Murphy*, 50 N. H. 65, 69. If there was error here it was not of that type and would not constitute ground for setting aside the award. *White Mountains Railroad* v. *Beane*, 39 N. H. 107, 109; *Alexanders* v. *Goodwin*, 54 N. H. 423; *McKay* v. *Coca-Cola Bottling Co.*, 110 Cal. App. (2d) 672, 677; *Mutual Benefit Health & Acc. Ass'n* v. *United Cas. Co.*, 142 F. (2d) 390, 393, 394.

Finally the Trial Court ruled properly that, in the absence of a transcript of the testimony before the arbitrators, no question of the sufficiency of the evidence to support their findings could be raised before it by plaintiff. *Smith* v. *Hooper*, 89 N. H. 36, 37; *Willis* v. *Wilkins*, 92 N. H. 400, 403. Plaintiff admits the correctness of this proposition of law but maintains that it did not raise the issue of sufficiency but rather the lack of any evidence on certain points relied on by the arbitrators in their award and that it should be permitted to do so.

It is evident from the award that the conclusions reached by the board were based on their interpretation of the whole contract. "The contract is silent on many subjects including final plant closing, method by which a person is removed from payroll and types of notices required." They had the right to consider the whole agreement under the terms of submission and their interpretation of it even if not in strict conformity with legal rules and principles of law as applied in the courts will not be disturbed and their award will be sustained in the absence of fraud or corruption or such a mistake as must have prevented the free and fair exercise of their judgment on the matter. *Pike* v. *Gage*, 29 N. H. 461, 469, 470; *Truesdale* v. *Shaw*, 58 N. H. 207. If there is any basis here for the distinction attempted to be made by the plaintiff, the strong doctrine in favor of the finality of awards under a submission like this one would bar the introduction of parol evidence tending to explain the award. *Pike* v. *Gage, supra*; *Doughty* v. *Little*, 61 N. H. 365, 368.

*Exceptions overruled.*

All concurred.