Rockingham
No. 79-201

### HENRY J. TURCOTTE

v.

### WILLIAM F. GRIFFIN

May 5, 1980

*Gordon B. Snyder*, of Raymond, by brief for the plaintiff.

*Green & Green,* of Manchester (*Leonard S. Green,* by brief), for the defendant.

PER CURIAM. This appeal arises from a petition under RSA 542:8 to confirm an award by the Arbitrator (*Russell F. Hilliard,* Esq.) granting the plaintiff Turcotte (lessee) specific performance of a lease option to purchase a 2.31-acre tract of land and the buildings thereon owned by the defendant Griffin (lessor) in Raymond. The defendant filed an answer seeking to have the award set aside on the grounds that the arbitrator misapplied the law to the facts.

The case was submitted to the Superior Court (*Mullavey,* J.) which ruled that the arbitrator made a plain mistake of law concerning the interpretation of the option, vacated the arbitrator's award and ordered the plaintiff to pay the defendant reasonable attorney fees as well as the arbitration fees.

On May 12, 1975, the defendant leased to the plaintiff *"a portion"* (emphasis added) of the following described real property:

> A certain tract or parcel of land with the buildings thereon, situated in Raymond, County of Rockingham, and State of New Hampshire, being a part of the farm known as the "Cram Farm" . . . .

The lease then described a parcel of land consisting of 458 feet, more or less, on Route 101; 250 feet, more or less, on Route 156. The line parallel to Route 101 was about 440 feet, and the line parallel to Route 156 was about 250 feet. The defendant purchased this 2.31-acre parcel in 1962.

The lease then continued as follows:

> The portion of the preceding *demised premises* which is to be occupied by the Lessee is that area comprising a rectangle formed by parallel lines utilizing the following location in dimensions. . . .

(Emphasis added.) The area in question was described as being 150 feet on Route 101 and 200 feet on Route 156 with their parallel lines to be of the same length.

The lease also provided for a five-year term, a provision pertaining to the construction to be made by the lessee on the premises, the rental to be paid, along with the following clause that is now in question:

> Option to Purchase. The Lessee shall, at any time during the period that said Lease agreement is in effect, have the option to purchase the *demised premises* from the Lessor for the stipulated amount of $100,000.00.

(Emphasis added.)

The plaintiff lessee maintains that the above option entitles him to purchase the whole 2.31 acres of land first described in the lease including the buildings occupied by the defendant lessor for $100,000. The defendant, on the other hand, maintains that the option to purchase "the demised premises" covers the parcel 150 by 200 feet described in the lease as the land to be occupied by the plaintiff under the lease.

■ The trial court properly ruled that a lease is a contract and its terms are to be interpreted by the court according to the rules of contract. *Robinson v. Weitz*, 171 Conn. 545, 551, 370 A.2d 1066, 1069 (1976); *see Thiem v. Thomas*, 119 N.H. 598, 602, 406 A.2d 115, 117 (1979). "The fundamental rule of interpretation of a contract is that the contract should receive that interpretation which will best effectuate the intention of the parties when it was made." *Bellak v. Franconia College*, 118 N.H. 313, 316, 386 A.2d 1266, 1268 (1978).

The trial court found and ruled that the term "demised" has historically been used to refer to that portion of the property that is actually being leased. *Crouch v. Fowle*, 9 N.H. 219 (1838); BLACK'S LAW DICTIONARY 388 (5th ed. 1979). This in itself would tend to indicate that the option to purchase in the lease pertained to the parcel of 150 by 200 feet which the plaintiff was to occupy under the lease. There was evidence, however, that neither of the two parties to the lease knew what "demised" meant.

The defendant testified that he and the plaintiff had talked about the 150 by 200 foot parcel and that the figure $100,000 was mentioned. The defendant testified that he understood that the option given to the plaintiff was to purchase that parcel described in the lease. The plaintiff, on the other hand, testified that he understood that the option granted him the right to purchase the 2.31-acre parcel, also described in the lease, which included the home occupied by the defendant and his family.

■ ■ The trial court properly ruled that it is well-settled contract law that before a contract is made there must be a mutual meeting of the minds. That is, the parties must have

agreed to the same terms. *Maloney v. Company*, 98 N.H. 78, 82, 95 A.2d 129, 132 (1953). *See Trimount Bituminous  Prods. Co. v. Chittenden Trust Co.*, 117 N.H. 946, 379 A.2d 1266 (1977). On the record, the trial court could properly find and rule that there was no mutuality of assent by the parties on the vital point of which parcel of land described in the lease was the object of the option to purchase.

The trial court therefore found and ruled that the arbitrator made a plain mistake in his application of law to the facts of this case. The court was justified in refusing to confirm the arbitrator's award as sought by the plaintiff and properly granted defendant's prayer that the award of the arbitrator be corrected and set aside and that he be allowed reasonable counsel fees and the expenses of arbitration as provided in the lease.

*Plaintiff's exceptions overruled; affirmed.*