Keene District Court
No. 81-419

CATHERINE LAPONSIE & a.

v.

STEPHEN KUMOREK

December 10, 1982

*Catherine LaPonsie*, of Wilton, and *Randy Greene*, of Wilton, by brief, *pro se*.

The defendant filed no brief.

PER CURIAM. The question in this case is whether a thirty-day notice to vacate requirement in a lease applies when the tenants vacate the premises at the expiration of the tenancy. We hold that it does not.

The plaintiffs entered into a written rental agreement for the period from December 12, 1980, to May 30, 1981, with rent payable in advance. The agreement contained the following provision: "This agreement may be terminated by a 30-day notice to vacate." It was also stipulated that "[o]ne month's rent held in reserve" would act as a security deposit.

The plaintiffs vacated the premises on May 30, 1981, without giving any notice. The defendant refused to return the one month's rent being held because of the failure to give a thirty-day notice, and the plaintiffs brought suit. Trial was held in the District Court (*Harry C. Lichman*, Special Justice), which found for the defendant. We reverse and remand.

A lease is a contract whose terms are to be interpreted according to the rules of contract. *Turcotte v. Griffin*, 120 N.H. 292, 294, 415 A.2d 668, 669 (1980). Generally, interpretation of a written instrument is an issue of law for this court ultimately to decide. *Murphy v. Doll-Mar, Inc.*, 120 N.H. 610, 611, 419 A.2d 1106, 1108 (1980). Because the lease terminated by its own terms on May 30, 1981, the notice requirement which applied only to any earlier termination did not apply. There was no requirement that notice be given when the plaintiffs moved out when the tenancy terminated by its own terms. *See* RESTATEMENT (SECOND) OF PROPERTY § 1.6, comment g, illustration 4 at 40 (1977).

The verdict is set aside, and judgment is to be entered for the plaintiffs.

*Reversed and remanded.*