DAWNY J. RAND

v.

AETNA LIFE & CASUALTY COMPANY

March 9, 1990

*Upton, Sanders & Smith*, of Concord (*Russell F. Hilliard* and *Gilbert Upton* on the brief, and *Mr. Hilliard* orally), for the plaintiff.

*Sulloway Hollis & Soden*, of Concord (*Peter A. Meyer* and *Robert M. Larsen* on the brief, and *Mr. Meyer* orally), for the defendant.

JOHNSON, J. This case concerns a petition filed in superior court by the plaintiff, Dawny J. Rand, to modify an arbitrator's award which denied her claim for uninsured motorist benefits from the defendant, Aetna Life & Casualty Company (Aetna). Her petition was dismissed when the Trial Court (*Nadeau,* J.) granted the defendant's motion for summary judgment. The court stated that it could not determine from the arbitrator's one-sentence ruling whether the decision was based on "plain mistake" within the meaning of RSA 542:8, since there was no record of the arbitration hearing. On appeal, the plaintiff contends that the trial court erred in granting the defendant's motion, since there was sufficient information before it to determine that the award was based on plain mistake. The plaintiff also contends that the trial court erred in failing to order the arbitrator to explain his award. We affirm.

The relevant facts are as follows. The plaintiff injured her right foot in an accident involving an uninsured motorist on June 21, 1986. In addition to Rand and the uninsured driver, Kurt Zeller, three people witnessed the accident: David Brown, James Nesbit and Patricia Nesbit. After incurring substantial debt from medical bills and lost wages, Rand made a claim for insurance benefits under an Aetna automobile policy which provided her with protection against uninsured motorists in the amount of $100,000. Aetna denied her claim.

The Aetna policy provided that in the event of a dispute concerning the plaintiff's right to recover, or the amount of coverage, the parties were to proceed to arbitration in accordance with the rules of the American Arbitration Association. The policy also stated that Rand "and the Company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this coverage." In accordance with this provision, the plaintiff made a demand for arbitration following Aetna's denial of her claim for coverage.

During the day-long hearing, the arbitrator, Frederick W. Hall, Jr., Esquire, was presented with oral testimony and exhibits on the issues of the negligence of the uninsured motorist and the comparative negligence of the plaintiff. Since neither Rand nor Aetna requested that a stenographic record of the proceedings be kept, no record was made of the evidence.

On December 14, 1987, the arbitrator issued an award which stated that "[t]he claim of Dawny J. Rand against Aetna Life and Casualty Company is hereby DENIED." The arbitrator further denied Rand's motion to reconsider and clarify the award. Rand then petitioned the superior court to modify the award pursuant

to RSA 542:8 because the arbitrator "made a plain mistake in not finding negligent behavior on the part of [the uninsured driver], and in not finding that such behavior proximately caused Plaintiff's injuries."

In response to Rand's petition, Aetna filed dispositive motions, including one for summary judgment, on the ground that Rand could not demonstrate plain mistake without a record of the arbitration proceeding. Rand filed an objection to Aetna's motion and attached the transcripts from the prehearing depositions of Rand, Brown and the Nesbits. The plaintiff also attached the affidavit of her then counsel, John G. Richardson, Esq., which reiterated his understanding and recollection of the testimony that Zeller, who was not deposed, gave at the hearing.

The superior court responded by entering an order which requested "a brief statement as to the basis for his decision" from the arbitrator, since without some clarification the court found "it impossible to rule on the motions." The arbitrator declined to respond to the court's request, and the defendant's motion for summary judgment was granted on June 19, 1989. In its order the court noted that "[t]he plaintiff could have requested a stenographic record of the arbitration hearing but did not do so. Accordingly, this Court cannot say that the arbitration award was the result of plain mistake of fact."

On appeal the plaintiff concedes that without a record she cannot question the sufficiency of the evidence. However, she argues that here the record was sufficiently reconstructed to show that there was *no* evidence of comparative fault of the plaintiff or that the uninsured driver was anything but negligent. The plaintiff attempts to buttress her argument by pointing out that the defendant did not present evidence to refute or contradict that offered in the depositions and the affidavit. For these reasons, the plaintiff insists that the trial judge should have found that the arbitrator's decision was based on plain mistake.

The plaintiff also contends that by acceding to the arbitrator's refusal to respond to the court's request for clarification, "the trial court abdicated its statutory duty to determine whether a plain mistake had been committed and to conduct a meaningful review of the arbitrator's decision."

The defendant argues that the superior court properly granted its motion, since Rand could not carry her burden of demonstrating that the arbitrator's award was based on plain mistake without a record of the hearing. In its brief, the defendant emphasizes that the arbitrator's award was based on trial testimony, trial exhibits,

and the weight and credibility accorded the testimony of live witnesses. It is, therefore, the defendant's position that the trial court did not err in refusing to consider the deposition transcripts and the affidavit offered by the plaintiff as a substitute for a record of the hearing.

The defendant also argues that since the arbitrator was not obligated to explain the reasons for his award, the superior court could not order him to do so. We find these arguments persuasive and supported by the law, and thus we affirm the trial court's order.

■ When parties agree to submit a dispute to arbitration, they select one or more arbitrators, present evidence in an informal setting, and obtain a speedy and inexpensive resolution. *See Demers Nursing Home, Inc. v. R.C. Foss & Son, Inc.*, 122 N.H. 757, 761, 449 A.2d 1231, 1233 (1982). The decision is binding on the parties and is only reviewable by the superior court as set out in RSA 542:8. "This section permits the court to correct or modify the award for plain mistake, or vacate it for fraud, corruption, or misconduct, or on the ground that the arbitrators have exceeded their powers." *Pelletier v. Auclair Transp. Co.*, 109 N.H. 302, 303, 250 A.2d 834, 835 (1969).

■ In the present case, the plaintiff's petition to the superior court requested that the arbitrator's award be modified for plain mistake. In order to grant the requested relief, it must be found that the arbitrator had "'manifestly fallen into such an error with regard to facts or law ... as must have prevented the full and fair exercise of [his] judgment upon the subject submitted to [him].'" *Franklin Needle Co. v. Labor Union*, 99 N.H. 101, 105–06, 105 A.2d 382, 385 (1954) (quoting *Sanborn v. Murphy*, 50 N.H. 65, 69 (1870)). To constitute plain mistake, the error must be one which is apparent on the face of the record and which would have been corrected had it been called to the arbitrator's attention. *See* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1399, at 235 (1984); *see also N.H. Ins. Co. v. Bell*, 121 N.H. 127, 129, 427 A.2d 27, 28 (1981) (court found plain mistake where the law changed after the arbitrator's decision); *Turcotte v. Griffin*, 120 N.H. 292, 295, 415 A.2d 668, 670 (1980) (arbitrator's incorrect application of the law to the facts of the case constituted plain mistake); *Davis v. Cilley*, 44 N.H. 448, 452 (1863) (award modified for plain mistake because arbitrators erred in figuring the amount owed to the defendant).

The plain mistake alleged by the plaintiff in this case is the arbitrator's entire decision. The plaintiff simply asserts that the arbitrator decided the issue of liability incorrectly. She cannot point to any mistakes in the record because there is no record. Instead, she argues that it is obvious from the unrefuted information presented to the trial court that the arbitrator erred in ruling in Aetna's favor.

■ There are several problems with the plaintiff's reasoning. First, the "record" presented to the trial court in the form of deposition testimony and an affidavit of plaintiff's counsel, that depicts his recollection of the uninsured driver's testimony, is insufficient to oppose successfully the defendant's summary judgment motion. *See* RSA 491:8-a, II, IV. The deposition transcripts of Rand, Brown and the Nesbits were not even before the arbitrator, since these witnesses all testified in person at the hearing. Furthermore, the alleged testimony of Zeller offered in Attorney Richardson's affidavit was inadmissible hearsay, and was therefore improper for an affidavit offered in opposition to a summary judgment motion. *See* RSA 491:8-a, II. The fact that the testimony offered to the court was consistent, and that the defendant did not refute or supplement it, does not make it reliable. The defendant had no duty to contradict the substance of the testimony found in the depositions and the affidavit, since the form was improper. These documents did not reflect the *actual* testimony heard by the arbitrator at the hearing, and thus they were properly disregarded by the trial judge.

■ The second problem with the plaintiff's argument is her belief that the facts in this case are so simple and clear that it is obvious there is no evidence to support the arbitrator's award. She presents this argument since she cannot argue that the evidence was insufficient to support the award without providing a transcript of the testimony before the arbitrator. *Franklin Needle*, 99 N.H. at 106, 105 A.2d at 385. The court in *Franklin Needle* rejected this "lack of any evidence" argument, and we similarly reject it here. The arbitrator's one-line decision did not provide the trial court with enough information to find that the award was based on plain mistake that "prevented the free and fair exercise of [the arbitrator's] judgment on the matter." *Id.*, 105 A.2d at 386. Therefore, the trial court did not err in granting the defendant's motion for summary judgment.

The second argument made by the plaintiff on appeal is that the trial court erred in not ordering the arbitrator to explain his decision. In support of her position, the plaintiff cites several cases from other jurisdictions in which arbitrators were requested by a court to clarify or complete an award. We find these cases distinguishable since, in his award, the arbitrator in this case clearly and unambiguously stated his decision on the sole issue before him.

 It is well established that, "absent an agreement or statute" to the contrary, *Parker v. Amica Mut. Ins. Co.*, 118 N.H. 870, 874, 395 A.2d 507, 510 (1978), "[a]rbitrators are not required to detail the process by which they reach their result," *Davis Associates, Inc. v. Laurion*, 116 N.H. 852, 854, 367 A.2d 579, 580 (1976). In this case the agreement between the parties stated that they would be bound by the rules of the American Arbitration Association. The only requirement in these rules concerning the form of the award is the same as the requirement in the arbitration statute, RSA ch. 542. Both require that the award be signed and that it be in writing. RSA 542:7; ACCIDENT CLAIMS ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION, Rule 29 (1987). Since the arbitrator here complied with this requirement when he issued his award, the superior court was without authority to order him to detail the reasons for his decision.

*Affirmed.*

All concurred.