Strafford
No. 90-472

ROBERT MASSE AND BETTY MASSE

v.

COMMERCIAL UNION INSURANCE COMPANY

July 26, 1991

*Shaheen, Cappiello, Stein & Gordon P.A.*, of Dover (*Peter G. Callaghan* on the brief, and *William H. Shaheen* orally), for the plaintiffs.

*Mulvey, Noucas & Cornell P.A.*, of Portsmouth (*Lesley F. Cornell* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiffs, Robert and Betty Masse, appeal from the Superior Court's (*Dickson*, J.) dismissal of their petition to set aside an arbitrator's (*Stephen J. Dibble*, Esq.) decision. In their petition, the plaintiffs assert that the arbitrator's denial of their claim against the defendant, Commercial Union Insurance Company (Commercial Union), for uninsured motorist coverage was the result of plain mistake and, hence, should have been set aside. Because the trial court dismissed the plaintiffs' petition without considering the record or the arbitrator's findings and rulings, we reverse and remand.

In the memorandum supporting their petition to set aside the arbitrator's decision, the plaintiffs allege the following. In August 1987, plaintiff Robert Masse was seriously injured when the motorcycle on which he was a passenger left the road and struck two trees. According to the plaintiffs, the owner and driver of the motorcycle, Robert Blatchford, lost control of it as they approached an intersection at the end of a street. As a result, they failed to stop at the intersection, crossing it, and travelled into a wooded area at a high rate of speed. The motorcycle struck one tree, throwing Masse off, and then continued an additional seventeen feet, where it struck a second tree. The plaintiffs also allege that Blatchford had purchased the motorcycle five months earlier and had never had any mechanical problems with the bike. Other than Masse and Blatchford, there were no eyewitnesses to the accident.

On learning that Blatchford was uninsured, the plaintiffs sought recovery for Robert Masse's injuries from their insurer, Commercial Union, under their policy's uninsured motorist clause. Commercial Union denied their claim, whereupon the plaintiffs requested that their claim be submitted to arbitration. At the arbitration hearing, the plaintiffs testified and presented numerous exhibits, including, *inter alia*, a police report and diagram of the accident and a transcription of a deposition of Blatchford. After reviewing the evidence and making findings of fact and rulings of law, the arbitrator concluded that

> "there [was] a total absence of evidence by which one can conclude more probably than not that the injuries received by the claimant were the proximate result of the failure of Robert Blatchford to exercise reasonable care and caution in the operation of his motorcycle under the circumstances pertaining at the time of loss of control."

In their petition to set aside the arbitrator's decision, the plaintiffs asserted that the denial of their claim was "clearly wrong, the result of plain mistake, and against the weight of the evidence." The basis for this assertion was the arbitrator's alleged failure to apply the doctrine of *res ipsa loquitur* to the plaintiffs' case, thus requiring them to prove their case through the use of direct evidence. Because there was no direct evidence of Blatchford's negligence, the plaintiffs argue that the arbitrator held them to a higher legal standard than required and that a review of the record would show that the arbitrator's decision resulted from plain mistake.

In its motion to dismiss the petition and at the subsequent hearing on the motion, Commercial Union argued that the basis for plain mistake on which the plaintiffs relied could not, as a matter of law, satisfy the plain mistake standard as found in our recent decision of *Rand v. Aetna Life & Casualty Co.*, 132 N.H. 768, 571 A.2d 282 (1990). Commercial Union asserted that the only basis offered by the plaintiffs for setting aside the arbitrator's decision was that he had drawn the wrong inference from the evidence and that such a basis could never constitute plain mistake. At the conclusion of the hearing on the motion to dismiss, the trial court, from the bench and without having reviewed the record of the arbitration proceeding, granted the motion to dismiss.

■ In New Hampshire, an arbitrator's decision may either be corrected or modified by the superior court upon a showing of "plain mistake" by the arbitrator. RSA 542:8; *Rand, supra* at 771, 571 A.2d

at 284. "To constitute plain mistake, the error must be one which is apparent on the face of the record and which would have been corrected had it been called to the arbitrator's attention." *Rand supra.* The plaintiffs must demonstrate that the arbitrator had "manifestly fallen into such an error with regard to facts or law . . . as must have prevented the free and fair exercise of [his] judgment upon the subject submitted to [him]." *Sanborn v. Murphy,* 50 N.H. 65, 69 (1870), *quoted in Rand supra.*

■ The trial court, upon its consideration of the motion to dismiss, must determine whether the plaintiffs can prevail based on their allegations, which are to be taken as true and in the light most favorable to the plaintiffs. *Collectramatic, Inc. v. Kentucky Fried Chicken Corp.,* 127 N.H. 318, 320, 499 A.2d 999, 1000 (1985). In their memorandum supporting the petition to set aside, the plaintiffs alleged that the arbitrator's findings were sufficiently contrary to the evidence presented at the arbitration hearing as to constitute plain mistake of fact, which, in turn, resulted in a decision which was "clearly wrong." On appeal Commercial Union characterizes this argument as one attacking the arbitrator's failure to "infer negligence" and argues that the arbitrator's decision is, thus, unreviewable under the plain mistake standard.

■ Without passing on the merits of the plaintiffs' allegations in their petition, we disagree with Commercial Union and hold that the trial court should have reviewed the record to determine if the arbitrator's findings constituted plain mistake. The plain mistake standard requires that a great deal of deference be given an arbitrator's decision, but it does not render such a decision unreviewable when the plaintiff attacks the findings upon which the arbitrator made his or her decision. The trial court must at least examine and consider the "face of the record" in order to determine if there is any validity to the plaintiffs' claim of plain mistake.

*Reversed and remanded.*

All concurred.