# Robert Masse and Betty Masse

v.

# Commercial Union Insurance Company

February 17, 1993

*Shaheen, Cappiello, Stein & Gordon*, of Concord and Dover (*Peter G. Callaghan* on the brief, and *William H. Shaheen* orally), for the plaintiffs.

*Mulvey, Noucas & Cornell, P.A.*, of Portsmouth (*Lesley F. Cornell* on the brief and orally), for the defendant.

JOHNSON, J.   This is a dispute between the plaintiffs, Robert and Betty Masse (the Masses), and their uninsured motorist carrier, defendant Commercial Union Insurance Company (Commercial Union), over coverage for injuries sustained in an accident involving an uninsured motorist. Commercial Union appeals the Superior Court's (*Temple*, J.) ruling setting aside and modifying the decision of the arbitrator (*Stephen J. Dibble*, Esq.), who denied coverage for the Masses. The sole issue we discuss is whether the superior court properly found the arbitrator's decision flawed by "plain mistake." We conclude that it did not and therefore reverse.

The accident engendering this litigation occurred on August 7, 1987, at approximately 9:00 p.m., near the intersection of Pine and Mill Roads in North Hampton. Robert Masse and Robert Blatchford were riding on Blatchford's motorcycle when the motorcycle collided with two trees, throwing both men to the ground and injuring them severely. Neither man was wearing a helmet, and the force of the impact destroyed their memories of the accident. A police officer re-

sponded to the scene, but took no photographs of the area, licited no statements from the men, and noted no physical evidence of the accident other than the positions of the men, the motorcycle, the intersection, and the two trees. Apparently, no one but the now memory-impaired motorcyclists witnessed the collision.

The Masses assumed that Blatchford, and not Robert Masse, drove the motorcycle at the time of the accident, and as Blatchford had no liability insurance, the Masses asked Commercial Union for coverage under the uninsured motorist provisions of their insurance contract. These provisions state that Commercial Union must pay the Masses any damages which an owner or operator of an uninsured motor vehicle is legally obligated to pay the Masses, so long as the owner or operator's liability arises "out of the ownership, maintenance or use" of the uninsured vehicle. Commercial Union denied the Masses' claim, and the case went to arbitration.

At the hearing before the arbitrator, the parties presented the following evidence to explain how the accident probably happened. First, the Masses introduced Blatchford's deposition testimony that he had never had any mechanical problems with the motorcycle. Second, they submitted a police accident reconstruction diagram showing the motorcycle's direction and point of loss of control; the diagram, however, cites no evidence to support this reconstruction. Finally, they introduced testimony suggesting that Blatchford in fact drove the motorcycle. Commercial Union introduced the relevant portions of the insurance contract and elicited testimony that Robert Masse may have been drinking just before the ride.

The arbitrator decided the case in Commercial Union's favor, finding that

> "[o]n the state of the evidence there is no reason to conclude that Robert Blatchford was incompetent in the operation of a motorcycle, that he could not and did not exercise reasonable care and caution at all pertinent times, or that claimant failed to exercise due care and caution in accepting a ride on the motorcycle on the evening in question or in conducting himself upon such motorcycle while underway."

The arbitrator noted the lack of foundation for the accident reconstruction contained in the police diagram and ruled:

> "On the state of the evidence presented, there is no means by which the arbitrator can conclude more probably than not that the motorcycle was traveling on either Pine Road or Mill Road prior to the loss of control, whether it was travel-

ing in a northerly or southerly direction at such time, whether it was traveling in its proper travel lane or in the opposite lane, or whether it was traveling at a reasonable speed or at an unreasonable speed at the time of loss of control. . . . While there is evidence that an accident occurred at the time and place alleged by claimant and described in the police report, there is no evidence that it resulted from a negligent act or omission of Robert Blatchford."

The arbitrator concluded that Blatchford probably drove the motorcycle at the time of the accident and found "no evidence that the loss of control was or was not caused by the negligent act of some unknown person or object, animate or inanimate." The arbitrator did not mention Blatchford's deposition testimony that the motorcycle had been mechanically sound before the accident.

The Masses appealed the arbitrator's decision to the superior court pursuant to RSA 542:8, which allows a party to "apply to the superior court for an order . . . correcting or modifying the [arbitrator's] award for plain mistake." After reviewing the record of the arbitration hearing, *see Masse v. Commercial Union Ins. Co.*, 134 N.H. 523, 526, 593 A.2d 1164, 1165–66 (1991), the superior court agreed with the arbitrator's characterization of the evidence as largely inconclusive. The court, however, noted what the arbitrator failed to mention: that Blatchford had described his motorcycle as being mechanically sound prior to the accident. The court consequently found "plain mistake" in the arbitrator's decision and stated: "[T]here appears to be no basis to find that this accident occurred other than as a result of the negligence of Mr. Blatchford. As noted above, [the accident] cannot be attributed to other causes on the evidence presented."

On appeal to this court, Commercial Union maintains that the superior court exceeded the scope of its review and substituted its own judgment for that of the arbitrator. Nothing in the evidence presented to the arbitrator, Commercial Union argues, required him to find in the Masses' favor. The Masses disagree, arguing that the superior court correctly found the arbitrator's decision unreasonable, unsupported by the evidence, factually erroneous, and an abuse of discretion. In particular, the Masses contend that the superior court's ruling implicitly supports their argument that the arbitrator held them to an erroneously high standard of proof.

Before examining the law of "plain mistake," we first address a preliminary issue, our standard of review. The Masses argue that

the superior court's order deserves the deference usually given to a lower court's findings. *See, e.g., Liberty Mut. Ins. Co. v. Custombilt, Inc.*, 128 N.H. 167, 170, 512 A.2d 1098, 1099 (1986). We disagree. "[B]ecause the trial judge decided the case on the [record] and therefore could not have observed the demeanor and credibility of the witnesses, the standard of review should be broadened." *Allstate Ins. Co. v. Carr*, 119 N.H. 851, 854, 409 A.2d 782, 783–84 (1979). "As all the documents from below are available for our perusal, the lower court was in no better position to decide the case than are we." *Hillside Assocs. of Hollis v. Maine Bonding & Cas. Co.*, 135 N.H. 325, 330, 605 A.2d 1026, 1029 (1992).

■ Turning to the main issue on appeal, we note that RSA 542:8 allows the superior court to alter an arbitrator's decision only for "plain mistake," or to vacate it for "fraud, corruption, or misconduct." The Masses do not allege fraud, corruption, or misconduct; the superior court was therefore limited to reviewing the arbitrator's decision for "plain mistake." *Masse*, 134 N.H. at 526, 593 A.2d at 1165. As the Masses point out, the term "refer[s] both to mistakes of fact and mistakes of law," *N.H. Ins. Co. v. Bell*, 121 N.H. 127, 129, 427 A.2d 27, 28 (1981); however, "[t]o constitute plain mistake, the error must be one which is apparent on the face of the record and which would have been corrected had it been called to the arbitrator's attention." *Rand v. Aetna Life & Cas. Co.*, 132 N.H. 768, 771, 571 A.2d 282, 284 (1990). Moreover, the arbitrator must have "'manifestly fallen into such an error with regard to facts or law . . . as must have prevented the full and fair exercise of [his or her] judgment upon the subject submitted to [him or her].'" *Franklin Needle Co. v. Labor Union*, 99 N.H. 101, 105–06, 105 A.2d 382, 385 (1954) (quoting *Sanborn v. Murphy*, 50 N.H. 65, 69 (1870)).

■ The superior court accordingly is bound to grant the arbitrator "a great deal of deference," *Masse*, 134 N.H. at 526, 593 A.2d at 1166. It may not, as the Masses suggest, set aside the decision merely because it believes the arbitrator's award is against the weight of the evidence. *Cf. Broderick v. Watts*, 136 N.H. 153, 162, 614 A.2d 600, 606 (1992) (distinguishing between review for plain mistake and for a decision against the weight of the evidence); *White Mountains Railroad v. Beane*, 39 N.H. 107, 109 (1859) ("An award is not to be disturbed because the arbitrators have come to a mistaken conclusion upon a question of fact, upon which the parties have presented and discussed their evidence and proofs, and upon which the referees have exercised their judgments."). At the very least, the superior

court must refrain from altering the arbitrator's decision unless the court concludes that the mistake alleged affected the arbitrator's ultimate award. *Cf. Turcotte v. Griffin,* 120 N.H. 292, 295, 415 A.2d 668, 670 (1980) (court correctly set aside arbitrator's award because arbitrator mistook law "on the vital point of which parcel of land described in the lease was the object of the option to purchase").

■ Viewing the arbitrator's decision in light of the standards enumerated above, we hold that the superior court erred in setting aside and modifying the arbitrator's award. The Masses allege that several mistakes are "apparent on the face of the record," *Rand supra,* but we are not persuaded that any of them, if mistakes at all, affected the outcome of the case, or "would have been corrected had [they] been called to the arbitrator's attention," *Rand supra.* The Masses, for instance, insist that the arbitrator subjected them to an erroneously high burden of proof. They point to nothing in his decision, however, that either supports this contention or establishes that the arbitrator would have necessarily reached a different conclusion had he applied the "correct" standard of proof. The record indicates that the arbitrator simply found the evidence insufficient to establish that Blatchford negligently caused the accident.

■ The Masses also argue that the arbitrator erroneously ignored Blatchford's testimony concerning the pre-accident condition of his motorcycle and that this omission constituted "plain mistake." Assuming the arbitrator did ignore Blatchford's testimony, however, we are not persuaded that the arbitrator committed "plain mistake." First, as the trier of fact, the arbitrator was not bound to accept anyone's testimony as true, even if uncontradicted. *See Gordon v. Gordon,* 117 N.H. 862, 865, 379 A.2d 810, 813 (1977).

■■ Second, even if we agree that the arbitrator should have accepted Blatchford's testimony, it is not at all plain that such evidence would necessarily lead to the conclusion that the accident was caused by Blatchford's negligence. An inference of negligence is not warranted in the absence of direct or circumstantial evidence unless all "other responsible causes are sufficiently eliminated by the evidence." *Rowe v. Public Serv. Co.,* 115 N.H. 397, 399, 342 A.2d 656, 658 (1975). Although Blatchford's testimony about the condition of his motorcycle supports eliminating mechanical failure as a responsible cause of the accident, it does not necessitate it. The Masses presented no evidence that the motorcycle had been inspected after the accident and certified free of pre-accident defect. Moreover,

while the scant evidence below militated against a finding that road defects or bad weather could have been responsible for the accident, other possible causes, such as an animal darting in front of the motorcycle, were not "sufficiently eliminated by the evidence," *id.*, to warrant an inference of negligence.

■ Finally, even assuming that "other responsible causes [were] sufficiently eliminated by the evidence," *Rowe supra*, the arbitrator would have been well within the bounds of legal precedent to decide, as he did, not to infer negligence from the circumstantial evidence presented. We therefore cannot say that, had the arbitrator considered Blatchford's testimony about his motorcycle's condition, the arbitrator would have corrected his alleged mistake and decided the case any differently. *See Rand*, 132 N.H. at 771, 571 A.2d at 284; *Turcotte*, 120 N.H. at 295, 415 A.2d at 670; *Franklin Needle*, 99 N.H. at 105–06, 105 A.2d at 385.

■ The Masses also maintain that the superior court found several factual errors in the arbitrator's decision, in addition to his failure to mention Blatchford's testimony regarding the condition of his motorcycle, and that these errors amounted to "plain mistake." Without setting forth the Masses' argument point by point, we observe that a close comparison of the superior court's order and the arbitrator's decision reveals no material factual disagreement between the two adjudicators except for the testimony of Blatchford. We therefore find no "plain mistake."

*Reversed.*

BATCHELDER, J., dissented; the others concurred.

BATCHELDER, J., dissenting: I would affirm the trial court.