# GRAFTON,

---

## WHITE MOUNTAINS RAILROAD *v.* BEANE.

Arbitrators, who are not restricted by the terms of the submission, are
authorized to decide all questions of law and fact arising in the case;
and their decision upon questions of law discussed before them, delib-
erately and fairly made, is conclusive. Their award may be impeached
by showing that they have fallen into some mistake of the law by
which they are misled, so that their award is not the result of their
judgment; but their mistakes in drawing conclusions of fact from evi-
dence, or in adopting erroneous opinions of the law, upon debated ques-
tions, are not a legal cause for avoiding their award.

ASSUMPSIT. The declaration contains three counts, for
money had and received, and money laid out and expended,
and a special count upon a contract to take one share in
the plaintiff corporation, of one hundred dollars, payable
in such lumber as might be wanted to build the road, as
ordered by the directors, &c., alleging that the conditions
on the part of the corporation were all fulfilled, that as-
sessments were duly made of which the defendant had
notice, that the lumber was demanded, and the defendant
refused to pay.

The action was referred to referees, who reported in
favor of the defendant. The plaintiffs move to set aside
the report.

Nathan B. Felton, Esq., one of the referees, testified
that the referees in the case intended to decide the same
according to their views of the law of the case, and that

they found for the defendant upon the ground, solely, that in their opinion there was no evidence of a legal demand of the lumber made upon the defendant. A statement of all the evidence laid before the referees, bearing upon that point, accompanies his deposition, but it is not material to be stated upon the view of the case taken by the court.

*C. W. & E. D. Rand,* for the plaintiffs.

*W. P. Beane* presented a written argument.

BELL, J.   A reference may be limited, and in such case any disregard of the limitations which the parties have prescribed will be fatal to the award ; as if the parties agree that the arbitrators shall make their award agreeably to legal principles, and if they mistake the law the award will be set aside.

But if a submission is made in general terms, and without any limitations as to the principles upon which the decision shall be made, the arbitrators are constituted judges of the law as well as of the facts, and their decisions upon any question of law that may arise in the course of the trial, either as to the admission of evidence or as to the legal rights in question in the case, which has been discussed by the parties before them and has been deliberately considered and decided by them, is final and conclusive in the cause, and between the parties to it.   No court will revise their decision, where they have fairly exercised their judgment upon the question submitted to them ; and their award will not be set aside, however different the decision upon the law may be from the opinions entertained by the court.

This principle seems entirely decisive of the case before us.   It is not suggested that the authority of the arbitrators was in any way limited as to the rules or principles upon which their decision should be made ; or that they have in any way exceeded their authority, nor that they

White Mountains Railroad *v.* Beane.

have fallen into any error of facts or law which has prevented the free and fair exercise of their judgment upon the subject submitted to them, or upon any incidental question arising in the case, but the sole ground of exception to their award is, that upon a material point of law upon which the rights of the parties depended, upon which the parties were fully heard by their counsel, upon which there was room for discussion, and for much diversity of opinion, the arbitrators, after exercising their best judgment, have arrived at a conclusion which we are asked to consider and to pronounce to be erroneous. Such an exception cannot be sustained. The parties have selected their own judges, they have deliberately submitted the matter to their decision, and by that decision they are bound.

This narrows, we are aware, the exception on account of mistake of law to the case of a reference limited to legal principles, or of some error in relation to a point, not discussed or decided by the arbitrators, but assumed by them, by which they have in fact been prevented from exercising their judgment upon the real question submitted to them.

Just so we conceive the exception of mistake of fact is limited. An award is not to be disturbed because the arbitrators have come to a mistaken conclusion upon a question of fact, upon which the parties have presented and discussed their evidence and proofs, and upon which the referees have exercised their judgments. A mistake as to some fact material to their decision, upon which no question was raised, and no discussion was had, upon which the arbitrators have not exercised their own judgment, but have assumed the fact without proof and without deliberation, and have by such error been prevented from fairly exercising their judgment upon the real questions before them, is good cause to set aside the award.

These views are fairly deducible from the decisions in

this State, particularly the case of *Greenough* v. *Rolfe,* 4
N. H. 357 ; *Bean* v. *Wendell,* 22 N. H. 582 ; *Pike* v. *Gage,*
29 N. H. 461, and *Johnson* v. *Noble,* 13 N. H. 286 ; and see
*Boston Water Power Co.* v. *Gray,* 6 Met. 131 ; *Ward* v.
*American Bank,* 7 Met. 486 ; *Roloson* v. *Carson,* 8 Md. 208 ;
*Fairchild* v. *Adams,* 11 Met. 549 ; *Jones* v. *Boston Mill-Dam
Corp.,* 6 Pick. 148 ; *Bigelow* v. *Newell,* 10 Pick. 348.

Upon these views of the law, the motion to set aside
must be denied, and

*Judgment rendered upon the report.*