Cheshire
No. 84-240

### BOARD OF TRUSTEES OF THE UNIVERSITY SYSTEM OF NEW HAMPSHIRE

v.

### KEENE STATE COLLEGE EDUCATION ASSOCIATION *& a.*

April 5, 1985

340

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Joseph A. Millimet* on the brief and orally), for the plaintiff.

*James F. Allmendinger*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the defendants.

BATCHELDER, J. The Superior Court (*Contas*, J.) vacated the decision of a board of arbitration established pursuant to the collective bargaining agreement (CBA) between the plaintiff, The Board

of Trustees of the University System of New Hampshire (the University), and the defendant Keene State College Education Association (KSCEA). KSCEA appeals. We reverse.

The parties entered into the CBA on March 20, 1980. The CBA governed from September 1, 1979, to June 30, 1981. The agreement recognized KSCEA as the exclusive bargaining representative of all full-time faculty members of Keene State College (the College) and specified management rights, together with faculty evaluation, grievance, and arbitration procedures.

The instant dispute arose after five faculty members were denied promotions by the College. All of them had received favorable recommendations from the Faculty Evaluation Advisory Committee (FEAC), the body charged under the CBA with making promotion and tenure recommendations to the Dean of the College. According to the CBA, "the College shall not arbitrarily reverse recommendations on promotion and tenure made by F.E.A.C."

The issue of whether the College's denial of promotion to the five faculty members constituted an arbitrary reversal of the FEAC recommendations was submitted to a board of arbitration in accordance with the CBA. On November 3, 1981, the arbitration board held that three of the five denials of promotion were violative of the CBA.

On January 28, 1982, KSCEA filed a complaint with the New Hampshire Public Employee Labor Relations Board (PELRB), alleging that the College had not implemented the arbitration award and that this constituted an unfair labor practice under RSA 273-A:5, I(h). On August 9, 1982, the PELRB upheld the complaint. The order of the PELRB does not address the propriety of the arbitration board's decision.

On March 16, 1982, during the pendency of the PELRB proceeding, the University filed a bill in equity in superior court for relief from the award. The University argued that the arbitration board had exceeded its authority and that the award therefore should be vacated.

On May 4, 1982, KSCEA filed a motion to dismiss the superior court action, partly on the ground that the PELRB was the proper forum in which to decide the propriety of the arbitration award. On January 31, 1983, the court denied the motion, ruling that the PELRB lacked jurisdiction to review the arbitration award. This decision prompts our reversal.

■ A breach of a CBA is an unfair labor practice, RSA 273-A:5, I(h), within the jurisdiction of the PELRB, RSA 273-A:6, I. Where arbitration is entered into pursuant to a CBA, failure to abide by the resulting arbitration award may constitute a breach of the CBA, *see*

*Steelworkers v. Enterprise Corp.*, 363 U.S. 593 (1960) (29 U.S.C. § 185(a), authorizing suit for breach of labor-management contract, held to allow suit for failure to implement arbitration award), and thus an unfair labor practice. Such will be the case where the unimplemented award resulted from an appropriate exercise of the arbiters' authority under the CBA. *See Steelworkers v. Enterprise Corp.*, 363 U.S. at 597–98 (failure to implement award held a breach of labor-management contract because award construable as proper exercise of arbiter's authority under labor-management contract).

■■ The PELRB has no general authority to review an arbitration award, absent some indication that the parties intended to reserve a right to administrative review of the award. *See Appeal of Internat'l Assoc. of Firefighters*, 123 N.H. 404, 409, 462 A.2d 98, 101 (1983). In the context of an unfair labor practice proceeding, however, we hold that authority to address the issue of an arbitration award's consistency with the terms of the governing CBA is a necessary incident to the PELRB's jurisdiction under RSA 273-A:5, I(h) and RSA 273-A:6, I.

■ The agency need exercise this authority, however, only in instances where the CBA places restrictions on the discretion of the arbitration board or provides for administrative or judicial review, *cf. id.* (PELRB properly refused to review award where agreement provided that parties were bound by award, with no reservation of right to judicial or administrative review), or, in the case of an unrestricted submission to arbitration, an allegation is made that the arbiters either expressly intended that the case be decided according to principles of law and were mistaken in their application thereof, *see White Mountains Railroad v. Beane*, 39 N.H. 107, 109 (1859), or were so mistaken on the facts as to preclude a fair consideration of the issues, *see Franklin Needle Co. v. Labor Union*, 99 N.H. 101, 105–06, 105 A.2d 382, 385 (1954).

■ Under RSA 273-A:6, I, the PELRB has "primary jurisdiction of all violations of RSA 273-A:5 . . . ." Primary jurisdiction in an agency requires judicial abstention until the final administrative disposition of an issue, at which point the agency action may be subject to judicial review. *Wisniewski v. Gemmill*, 123 N.H. 701, 706, 465 A.2d 875, 878 (1983). A court asked to review an arbitration award therefore must defer to the PELRB upon the agency's consideration of whether the failure to implement the award is an unfair labor practice under RSA 273-A:5, I(h). The superior court accordingly lacked jurisdiction to review the arbitration award upon the PELRB's consideration of KSCEA's unfair labor practice complaint.

■ We further hold that the PELRB may not exercise its jurisdiction over an unfair labor practice complaint for failure to implement an arbitration award until a reasonable time has elapsed from the rendering of the award. This will allow parties who have contracted in their CBA for judicial review of arbitration awards a reasonable opportunity to exercise this right. We deem thirty days to be a reasonable period. *See Wilson v. Personnel Comm'n*, 117 N.H. 783, 378 A.2d 1375 (1977).

■ We note that RSA 273-A:6, I, by conferring primary jurisdiction on the PELRB to review an arbitration award in the context of an unfair labor practice dispute, deprives the superior court of jurisdiction that it might otherwise have to review the award under RSA 542:1. Once the PELRB considers a complaint charging that failure to implement an arbitration award is an unfair labor practice, the superior court may not review the award for defects properly reviewable by the PELRB, either during or after the PELRB proceeding.

■ Once the PELRB exercises its primary jurisdiction, its review of the award is final, unless an appeal is taken to this court under RSA 273-A:14 and RSA 541:6.

This loss of superior court jurisdiction, although clearly contrary to the expectations of parties who specify in their CBA that arbitration awards are to be governed by RSA chapter 542, is an unavoidable consequence of the plain meaning of RSA 273-A:5, I(h) and of RSA 273-A:6, I. The legislature, not the judiciary, is the proper forum in which to resolve this conflict.

*Reversed.*

All concurred.