Public·Employee Labor Relations Board
No. 85-473

### APPEAL OF BOARD OF TRUSTEES OF THE UNIVERSITY SYSTEM OF NEW HAMPSHIRE FOR KEENE STATE COLLEGE

(New Hampshire Public Employee Labor Relations Board)

August 11, 1987

*Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*Joseph A. Millimet* on the brief and orally), for the Board of Trustees.

*James F. Allmendinger*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the Keene State College Education Association.

THAYER, J. This case arises from a dispute over a labor arbitration award issued pursuant to a collective bargaining agreement (CBA). The CBA was entered into on March 20, 1980, effective from September 1, 1979, to June 30, 1981, by and between the Board of Trustees of the University System of New Hampshire for Keene State College (the college), and the Keene State College Education Association (KSCEA). The prior proceedings in this case are more fully set forth in *Board of Trustees v. Keene State College Education Association*, 126 N.H. 339, 493 A.2d 1121 (1985).

During the years 1979–80, the Faculty Evaluation Advisory Committee (FEAC), charged under Article IX, par. B of the CBA with making promotion and tenure recommendations to the dean of the college, favorably recommended five faculty members for promotion. The dean of the college denied the promotions. Article IX, par. B(5) of the CBA provides that "the College shall not arbitrarily reverse recommendations on promotion and tenure made by F.E.A.C." In accordance with Article VII of the CBA, the faculty grievants submitted to a board of arbitration the issue of whether the college's denial of promotions constituted an arbitrary reversal of the FEAC recommendations. The arbitration board determined that the dean of the college had violated the CBA by "act[ing] arbitrarily" in denying the promotions of three faculty members who had received unanimous recommendations from the FEAC. The arbitration board, therefore, awarded promotions to these three grievants.

The KSCEA subsequently filed a complaint with the State Public Employee Labor Relations Board (PELRB), alleging that the college had committed an unfair labor practice pursuant to RSA 273-A:5, I(h), because it failed to implement the arbitration award. The PELRB sustained the unfair labor practice complaint and ordered implementation of the arbitrators' award. The PELRB did not, however, address the propriety of the arbitrators' award or decision.

The college filed a bill in equity in the Cheshire County Superior Court requesting relief from the arbitrators' award. The superior court ruled that the PELRB lacked jurisdiction to review the arbitration award and vacated the award. The KSCEA appealed to this court. In *Board of Trustees v. Keene State College Education Association*, 126 N.H. 339, 342, 493 A.2d 1121, 1124 (1985), we determined that the superior court lacked jurisdiction to review the arbitration award in the context of the KSCEA's unfair labor practice complaint, because in this context "[the] authority to address the issue of an arbitration award's consistency with the

terms of the governing CBA is a necessary incident to the PELRB's jurisdiction under RSA 273-A:5, I(h)." Therefore, "[a] court asked to review an arbitration award . . . must defer to the PELRB upon the agency's consideration of whether the failure to implement the award is an unfair labor practice under RSA 273-A:5, I(h)." *Id.*

Thereafter, the college petitioned the PELRB to address the issue of the award's consistency with the terms of the CBA. The PELRB granted the college's pending motion for reconsideration and, in its order, Bradford E. Cook, Esq., the hearing officer whose decision was approved by the PELRB, stated that the board would apply principles of non-reviewability to the arbitrators' award, yet proceeded to review the arbitrators' award insofar as he was able to reaffirm the PELRB's earlier finding that the failure to implement the arbitration award was a breach of the CBA and an unfair labor practice. This finding prompts our reversal and remand.

On appeal, the college argues that the PELRB committed an error of law by applying principles of non-reviewability to the arbitrators' award. The college contends, however, that the PELRB should have found that the arbitrators committed an error of law by going beyond the contract language and establishing a separate standard for arbitrariness in connection with unanimous FEAC recommendations. Moreover, the college asserts that the PELRB should also have found that the arbitrators mistakenly allocated the burden of proof as reflected in the PELRB's finding that "[t]he College was not able to persuade the arbitrators that the action by the Dean was not arbitrary." The college requests reversal of the PELRB pursuant to RSA 541:13, and an order vacating the arbitration decision and award.

The KSCEA argues that the college waived its right to appeal to this court by failing to perfect its appeal. The KSCEA also contends that the order of the PELRB enforcing the arbitration award should not be overturned because it was not clearly unlawful or unreasonable pursuant to RSA 541:13, and because the parties agreed under the CBA to give the arbitrators the final authority to decide such questions of fact.

We conclude that the college's appeal is not procedurally defective, as the college appealed the PELRB's decision to this court pursuant to RSA 273-A:14 and RSA 541:6. In 1982, the college filed its motion for rehearing and reconsideration of the PELRB's first order, which was held in abeyance pending action on the bill filed in superior court. As a result of our holding in *Board of Trustees v. Keene State College Education Association supra*, the college filed

a petition for review of the arbitrators' award requesting a determination of the award's consistency with the CBA. The PELRB, instead, granted the college's pending motion for rehearing and reconsideration. Subsequently, the college appealed the PELRB's decision on rehearing to this court. We do not find error with the procedural posture of this case. Moreover, we determine that the issue of the appropriateness of the arbitration award is ripe for appeal.

In order to prevail on appeal, the college must show that the PELRB erred as a matter of law, or that its order was unjust or unreasonable. *Appeal of Internat'l Assoc. of Firefighters*, 123 N.H. 404, 408, 462 A.2d 98, 101 (1983); RSA 541:13. The college asserts that the PELRB erred in applying principles of non-reviewability to the arbitrators' award because the PELRB has the authority to review an arbitration award when, as in this instance, the "CBA places restrictions on the discretion of the arbitration board or provides for administrative or judicial review." *Bd. of Trustees v. Keene State Coll. Educ. Assoc.*, 126 N.H. at 342, 493 A.2d at 1124.

■■  Generally, "[a]rbitration is the submission of matters in controversy to the decision of disinterested persons selected by the parties as a substitute for the remedy by judicial proceedings . . . . The jurisdiction of the arbitrators over the parties and the subject matter depends entirely upon the voluntary agreement of the parties." *Franklin Needle Co. v. Labor Union*, 99 N.H. 101, 103, 105. A.2d 382, 384 (1954) (citation omitted); *School Dist. #42 v. Murphy*, 128 N.H. 417, 420, 514 A.2d 1269, 1272 (1986). Therefore, we look to the language of the CBA to determine the dispute resolution process agreed upon by the parties.

■  The CBA contains limiting language in Article VII, pars. 3(d) and 4, that the arbitrators "shall have no power to add to, subtract from, modify or disregard any of the provisions of this Agreement" and specifies that "[b]oth parties shall retain whatever rights they have under law to challenge the decisions of the Board of Arbitration." The CBA does not provide that any differences "'as to the meaning and application' of the agreement should be submitted to arbitration," *Steelworkers v. Enterprise Corp.*, 363 U.S. 593, 594 (1960), or that "[t]he decision of the Arbitrator . . . shall be final and binding," *W. R. Grace & Co. v. Rubber Workers*, 461 U.S. 757, 763 n.5 (1983). The language herein clearly indicates that the parties did not bargain for the arbitrators' final interpretation of the contract, and therefore, the PELRB erred in applying principles of non-reviewability to the arbitrators' award.

The PELRB should have addressed the issue of an arbitration award's consistency with the terms of the CBA when there had been an allegation that the arbitrators were mistaken in their application of principles of law. *See Bd. of Trustees v. Keene State Coll. Educ. Assoc.*, 126 N.H. at 342, 493 A.2d at 1124; *White Mountains Railroad v. Beane*, 39 N.H. 107, 109 (1859).

■ If the PELRB had consistently refused to review the arbitration award, we would at this point remand for such review. However, the PELRB did engage in some limited review on issues of law, and we will now consider the college's arguments that the PELRB committed errors of law on the points it did review. Thus, the college requests this court to address, as the final interpreter of contracts, the arbitrators' finding that the college could only reverse a unanimous recommendation of the FEAC "on extremely compelling evidence that either was not available to or considered by the F.E.A.C." Because the interpretation of a contract is a question of law for this court, *Baker v. McCarthy*, 122 N.H. 171, 174–75, 443 A.2d 138, 140 (1982), we will address this issue and apply the common meanings to the words and phrases used by the parties in an agreement. *Murphy v. Doll-Mar, Inc.*, 120 N.H. 610, 611–12, 419 A.2d 1106, 1108 (1980).

Article IX, par. B(5) of the CBA states that "[t]he College shall not *arbitrarily* reverse recommendations on promotion and tenure made by the F.E.A.C." (Emphasis supplied.) The common meaning of "arbitrary" is a decision "based on random or convenient selection or choice rather than on reason," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 110 (Unabridged 1961), or one made "[w]ithout adequate determining principle . . . nonrational . . . capriciously." BLACK'S LAW DICTIONARY 96 (5th ed. 1979).

We note that the PELRB, in reaffirming the arbitrators' award, erroneously stated that "[i]n a contract which does not define arbitrariness, it is obviously left to the arbitrators to define such conduct in considering the record as a whole and the arbitrators did that in this case." The PELRB, in so stating, transformed the objective legal standard of arbitrariness provided for in the contract into a subjective one, thereby giving rise to the possibility that similar fact patterns could result in different conclusions, based solely upon the definition of arbitrary chosen by the specific arbitrator or board. Thus, instead of correcting the arbitrators' error, the PELRB reaffirmed the arbitrators' definition of arbitrary, which was made without applying adequate determining principles.

Furthermore, the PELRB committed an error of law by upholding the arbitrators' misallocations of the burden of proof when it concluded that the arbitrators properly found that "[t]he College was not able to persuade the arbitrators that the action by the Dean was not arbitrary." The KSCEA conceded during oral argument that it had the burden, as the moving party, to establish a prima facie case of arbitrariness. However, the KSCEA argues, citing *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248 (1981) (the burden of establishing a prima facie case of discrimination is on the plaintiff in employment discrimination suits brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. (1982)), that although it had the burden to establish arbitrariness, it had already established a prima facie case, and thus, the burden of production had shifted to the college, if it had deemed necessary, to rebut the evidence that the college's action was arbitrary. *See id.* at 252–56; *see also E. D. Swett, Inc. v. N.H. Comm. for Human Rights*, 124 N.H. 404, 409–10, 470 A.2d 921, 925 (1983). The college agrees with the KSCEA that the ultimate burden of persuasion should have been placed on the KSCEA, also citing *Texas Department of Community Affairs v. Burdine supra*, and concedes that "it was reasonable to require the [college] to produce evidence explaining [its] negative decisions."

We find no evidence in the record to support the KSCEA's conclusion that the arbitrators' order reflected merely the shifting of the burden of production and not the burden of persuasion, nor can the KSCEA cite to language in the order indicating that the arbitrators understood the distinction between burden of persuasion and burden of production. Because we cannot assume that this distinction was made, we will apply the common meaning to the words and phrases employed by the PELRB. *Murphy v. Doll-Mar, Inc.*, 120 N.H. at 611–12, 419 A.2d at 1108. The plain meaning of the PELRB's order is that it concluded that the arbitrators properly imposed the burden of proof on the college to show that its conduct was not arbitrary. This was an error of law.

■ Accordingly, we reverse the decision of the PELRB and remand to the PELRB with instructions that it remand to the board of arbitration for a factual determination of the arbitrariness of the college's action based on the proper burden of persuasion.

*Reversed and remanded.*

All concurred.