Public Employee Labor Relations Board
No. 2002-670

## APPEAL OF LACONIA SCHOOL DISTRICT
### (New Hampshire Public Employee Labor Relations Board)

Argued: September 17, 2003
Opinion Issued: January 30, 2004

*Fitzgerald, Sessler & Nichols, P.A.*, of Laconia (*Paul T. Fitzgerald* on the brief and orally), for the petitioner.

*Steven R. Sacks*, of Concord, staff attorney, NEA-New Hampshire, by brief and orally, for the respondent.

BROCK, C.J., retired, specially assigned under RSA 490:3. The petitioner, the Laconia School District (district), appeals a decision of the public employee labor relations board (PELRB) that the PELRB lacked jurisdiction to review an arbitrator's award. We affirm.

In 2000, the district reassigned a middle school teacher, Robert Gunther, to an elementary school teaching position. Believing that the reassignment was disciplinary in nature based on the teacher's union activity, the respondent, the Laconia Education Association (association), filed a grievance alleging two violations of the collective bargaining agreement (CBA) between the district and the association. After the

district denied the grievance, the association filed a demand for arbitration pursuant to the grievance procedure set forth in the agreement. The association also filed an unfair labor practice complaint with the PELRB. The substance of the demand and the complaint, and the requested remedy in the demand and the complaint, were identical.

The district then moved to dismiss the unfair labor practice complaint, arguing that the parties' CBA called for binding arbitration. The PELRB subsequently ordered the association and the district to proceed to arbitration. The order stated that the matter "shall be dismissed from the PELRB's docket of cases if neither party shall request an additional hearing within the ... thirty day period following the date of the arbitrator's decision."

Following a hearing, the arbitrator upheld the grievance and directed the district to reassign the teacher to his prior position. The following month, the district filed a request for a *de novo* hearing with the PELRB to determine whether the arbitrator made errors of material fact that precluded a fair consideration of the issues and whether the findings were consistent with the parties' agreement. Following a hearing, the PELRB ruled that it did not have jurisdiction to review the arbitrator's award. This appeal followed.

■ On appeal, the district argues that the PELRB erred when it ruled that it lacked jurisdiction to review a binding arbitration award where: (1) the district alleged misapplication of law and mistaken facts in the arbitrator's decision that precluded fair consideration of the issues; and (2) the PELRB retained jurisdiction over the underlying unfair labor practice complaint. When reviewing a decision of the PELRB, we defer to its findings of fact, and, absent an erroneous ruling of law, we will not set aside its decision unless the appealing party demonstrates by a clear preponderance of the evidence that the order is unjust or unreasonable. *Appeal of City of Manchester*, 149 N.H. 283, 285 (2003).

In *Board of Trustees of the University System of New Hampshire v. Keene State College Education Association*, 126 N.H. 339 (1985), the Board of Trustees of the University System of New Hampshire and the Keene State College Education Association submitted to arbitration a dispute between them over the failure to promote five faculty members. *Id.* at 341. Following arbitration, the Education Association filed an unfair labor practice complaint with the PELRB alleging that the University had not implemented the arbitration award. *Id.* Addressing the issue whether

the PELRB had jurisdiction to review the arbitration award, this court recognized that in the context of an unfair labor practice proceeding, the PELRB has jurisdiction to determine whether the arbitration award is consistent with the terms of the governing CBA. *Id.* at 342. The PELRB need exercise this authority, however, only in two narrow areas: first, where the collective bargaining agreement either restricts the arbitrator's discretion or provides for administrative or judicial review, *id.*; and second, where "in the case of an unrestricted submission to arbitration, an allegation is made that the arbiters either expressly intended that the case be decided according to principles of law and were mistaken in their application thereof, or were so mistaken on the facts as to preclude a fair consideration of the issues." *Id.* (citations omitted).

The district argues that this case falls within the second area, where an arbitrator's mistaken factual findings precluded a fair consideration of the issues. Specifically, the district argues that because the PELRB retained jurisdiction over the unfair labor practice complaint while arbitration occurred and offered an opportunity for further hearing, the PELRB was obligated to exercise its jurisdiction to "at least allow the District to present argument and evidence that the arbitrator was mistaken." We do not agree.

As *Keene State* makes clear, it is in conjunction with a subsequent unfair labor practice complaint alleging that the arbitrator's award has not been implemented that the PELRB has jurisdiction to review the arbitrator's award. In the case before us, however, the district is attempting to establish PELRB jurisdiction on the original unfair labor practice complaint filed by the association and never dismissed by the PELRB. Although the record shows that the PELRB granted the district's motion to hold in abeyance the original unfair labor practice complaint, once the arbitration was concluded, the PELRB lacked jurisdiction to review the arbitrator's decision absent the filing of a subsequent unfair labor practice complaint by the association alleging the district's failure to implement the arbitrator's award.

*Affirmed.*

BRODERICK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.