Public Employee Labor Relations Board
No. 2005-718

APPEAL OF EXETER POLICE ASSOCIATION
(New Hampshire Public Employee Labor Relations Board)

Argued: June 7, 2006
Opinion Issued: August 15, 2006

*McKittrick Law Offices*, of North Hampton (*J. Joseph McKittrick* on the brief and orally), for the petitioner.

*Flygare, Schwarz & Closson*, of Exeter (*Thomas J. Flygare* and *Daniel P. Schwarz* on the brief, and *Mr. Schwarz* orally), for the respondent.

HICKS, J. The petitioner, Exeter Police Association (Association), appeals the decision of the New Hampshire Public Employee Labor Relations Board (PELRB) that the respondent, Town of Exeter (Town), did not commit an unfair labor practice under RSA 273-A:5 (1999) when it denied a union employee the presence of an attorney during an investigatory interview. We affirm.

The record supports the following facts. The Town is a public employer as defined in RSA 273-A:1, X (Supp. 2005). The Association is the exclusive representative of all full-time police officers employed by the Town. The Town and the Association entered into a collective bargaining agreement (CBA) commencing on January 1, 2003, and expiring December 31, 2007. The CBA is silent regarding a union employee's right to have representation at an investigatory interview.

John Faulkner was hired as a full-time police officer for the Town in 1992. He was discharged after an investigation revealed that he had improperly used the State Police On-Line Technology Systems to issue a traffic ticket. The investigation began after the recipient of that ticket filed a complaint with the chief of police stating that Faulkner had been harassing him and his family. The chief revoked the traffic ticket and assigned Lt. Stephen Dockery to investigate the matter.

When Faulkner arrived at work on March 31, 2004, he found a memo stating that Dockery wanted to interview him around 6:00 p.m. Faulkner called Joseph McKittrick, a local attorney with experience in labor matters, to represent him at the interview. McKittrick arrived in time for the interview, but was forced to wait in the lobby while Dockery interviewed Faulkner. After denying McKittrick access to the interview, Dockery asked Faulkner if he wished to have a union representative present and Faulkner declined.

The parties dispute whether Faulkner described McKittrick to Dockery as his "union representative" or simply his attorney. Regardless, it is undisputed that McKittrick was not the Association's legal counsel on March 31, 2004. In fact, the Association was without legal representation at that time. The Association, however, subsequently informed the Town on April 4, 2004, that it had retained McKittrick as its counsel.

The Town terminated Faulkner's employment on April 9, 2004. The Association and the Town entered into advisory arbitration pursuant to the grievance procedure in the parties' CBA and an award was issued in favor of the Association. The Town rejected the arbitration award pursuant to the CBA. The Association then filed an unfair labor practice charge against the Town with the PELRB.

After a hearing, the PELRB concluded: (1) the Town had sufficient "just cause" to terminate Faulkner; and (2) the Town did not violate Faulkner's *Weingarten* rights by denying McKittrick's presence at the March 31st interview. *See International Brotherhood of Police Officers, Local 394 v. City of Manchester*, PELRB Decision No. 92-73 (May 4, 1992) (adopting holding in *N.L.R.B. v. Weingarten, Inc.*, 420 U.S. 251, 267 (1975), that union employee has right to union representation at an investigatory

interview he or she reasonably believes will result in discipline). The Association appeals the latter finding.

On appeal, the Association raises several challenges to the PELRB's finding. First, it argues that its retroactive ratification of McKittrick's services on March 31 qualifies McKittrick as union representation on the evening of the interview. Second, it contends that Faulkner's *Weingarten* rights were violated because he was denied the union representative of his choice at an investigatory interview. Third, it argues that denying McKittrick's presence and failing to postpone the interview was tantamount to inquiring into his status and thus interfering with the union and the representation of its members. Finally, it contends that previous PELRB decisions recognize an employee's right to pick *any* representative *of his choice* for an investigatory interview.

When reviewing a decision of the PELRB, we defer to its findings of fact, and, absent an erroneous ruling of law, we will not set aside its decision unless the appealing party demonstrates by a clear preponderance of the evidence that the order is unjust or unreasonable. *Appeal of the State of N.H.*, 147 N.H. 106, 108 (2001).

The Association argues that McKittrick qualifies as union representation because he was retroactively ratified by the union. In support of its position, the Association cites several New Hampshire statutes where this practice is expressly authorized in the corporate context. *See* RSA 293-A:7.04, I(a) (1999); *see* RSA 293-A:8.21 (1999). The Association urges that retroactively approved actions have the same legal status as contemporaneously approved ones and the Association's retroactive ratification of McKittrick's representation has the same legal effect as if McKittrick had been retained by the Association on the evening of the interview.

■ By their terms, the statutes cited by the Association do not apply. The evidence presented before the PELRB establishes that McKittrick was not a union representative on the evening of March 31, 2004. The Association did not appoint McKittrick as a union representative until five days later. Faulkner had no authority to confer the status of union representative on McKittrick. Thus, on the evening of the interview, McKittrick could not have acted as a union representative. Even if the Association retroactively ratified McKittrick's actions, this does not alter the facts as they existed on the evening of March 31. We cannot ignore the practical problems that sanctioning such a ratification would have. Under the Association's rationale, public management officials would have to allow all purported employee representatives into investigatory interviews

because they would have no idea whether the employee's desired representative would become, retroactively, a union representative.

■ We reject the Association's next argument that the police department violated Faulkner's *Weingarten* rights by denying him the union representative of his choice because McKittrick was not a union representative on the evening of March 31, 2004. The protected rights in *Weingarten* flow from an employee's request for *union* representation. *Weingarten*, 420 U.S. at 256-57; *see also Defense Criminal Investigative Service v. F.L.R.A.*, 855 F.2d 93, 96 (3d Cir. 1988) (explaining *Weingarten* rights attach when employee makes valid request for union representation); *Spartan Stores, Inc. v. N.L.R.B.*, 628 F.2d 953, 958 (6th Cir. 1980) (stating *Weingarten* rights ripen only if employee requests union representation); *Pacific Tel. & Tel. Co. v. N.L.R.B.*, 711 F.2d 134, 137 (9th Cir. 1983) (explaining *Weingarten* right to union representation is a right which must be requested by employee). Here, Faulkner failed to request a *union* representative, and thus no *Weingarten* rights could have been violated. Accordingly, we need not decide today what, if any, *Weingarten* rights attach in New Hampshire under RSA chapter 273-A. We express no opinion on whether New Hampshire law affords such protection. *Appeal of City of Manchester*, 149 N.H. 283, 289 (2003).

Similarly, the police department's actions do not amount to an inquiry into McKittrick's status and a resulting interference with union operations. The Association concedes in its brief that Dockery never inquired into McKittrick's status. Moreover, the record reveals that Dockery offered Faulkner the opportunity to have a *union* representative and Faulkner rejected this offer.

The Association finally argues that the PELRB's previous decisions establish an employee's right to have *any* representative he or she chooses at an investigatory interview. In support of its position, the Association relies upon *Laconia Education Association v. Laconia School Board*, PELRB Decision No. 79-20 (August 23, 1979) (stating union teachers are entitled to representative of their choice in meeting with management to discuss grievances), and *International Brotherhood of Police Officers, Local 464 v. Nashua Police Commission*, PELRB Decision No. 85-74 (September 26, 1985) (stating chief's denial of representative of officer's choice in disciplinary hearing is violation of RSA chapter 273-A). The Association argues that these two decisions recognize a right to have *any* representative present at an investigatory interview and that this right was violated when the police department excluded McKittrick from the investigatory interview.

We first note that previous PELRB rulings are not binding on us because we are the final arbiter of the meaning of a statute. *Appeal of Campton School Dist.*, 138 N.H. 267, 269 (1994). We construe all parts of a statute together to effectuate its overall purpose and to avoid an absurd or unjust result. *Monahan-Fortin Properties v. Town of Hudson*, 148 N.H. 769, 771 (2002).

RSA 273-A:5, I, provides:

I. It shall be a prohibited practice for any public employer:

(a) To restrain, coerce or otherwise interfere with its employees in the exercise of the rights conferred by this chapter;

(b) To dominate or to interfere in the formation or administration of any employee organization;

(c) To discriminate in the hiring or tenure, or the terms and conditions of employment of its employees for the purpose of encouraging or discouraging membership in any employee organization;

(d) To discharge or otherwise discriminate against any employee because he has filed a complaint, affidavit or petition, or given information or testimony under this chapter;

(e) To refuse to negotiate in good faith with the exclusive representative of a bargaining unit, including the failure to submit to the legislative body any cost item agreed upon in negotiations;

(f) To invoke a lockout;

(g) To fail to comply with this chapter or any rule adopted under this chapter;

(h) To breach a collective bargaining agreement;

(i) To make any law or regulation, or to adopt any rule relative to the terms and conditions of employment that would invalidate any portion of an agreement entered into by the public employer making or adopting such law, regulation or rule.

■ We find in RSA 273-A:5 no right of a union employee to have a non-union representative of his or her choice at an investigatory interview. *See Weingarten*, 420 U.S. at 259 (explaining representative's presence

safeguards interests of the union and assures other employees in the bargaining unit that they can also obtain representative's aid if called to a like interview).

Regardless, we reject the petitioner's assertion that the PELRB's ruling here deviated from its prior decisions. While the *Laconia* and *Nashua* rulings might be read to recognize a right to *any* representative, the PELRB subsequently ruled that the right extends only to union representatives. *See International Brotherhood of Police Officers, Local 394 v. City of Manchester, Police Department*, PELRB Decision No. 92-73 (May 4, 1992) (adopting *Weingarten's* requirement of *union* representation and specifically affirming only the "general principle" of *Laconia*); *New Hampshire Troopers Association v. New Hampshire Department of Public Safety, Division of State Police*, PELRB Decision No. 95-2 (March 20, 1995) (stating denial of Trooper's request for union representative was unfair labor practice); *Portsmouth Police Officers, IBPO Local 402 v. City of Portsmouth Police Commission*, PELRB Decision No. 97-17 (February 14, 1997) (stating right to union representative cannot be abridged and explaining PELRB has subscribed to *Weingarten* since *Manchester*); *International Brotherhood of Police Officers, Local 580 v. Rochester Police Commission*, PELRB Decision No. 97-85 (October 24, 1997) (stating PELRB has recognized right of union officer to be present when union members adjust grievances); *Marc Desilets v. City of Manchester, Manchester Police Dept.*, PELRB Decision No. 2004-168 (October 20, 2004) (stating employee has right to union representative during interview when he or she reasonably believes discipline may result), *rev'd on other grounds by Appeal of City of Manchester*, 153 N.H. 289 (2006).

Accordingly, the PELRB's decision was sufficiently supported by the evidence and was neither unjust nor unreasonable.

*Affirmed.*

BRODERICK, C.J., and DALIANIS, DUGGAN and GALWAY, JJ., concurred.